USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1451 PEERLESS INSURANCE COMPANY, Plaintiff, Appellee, v. ANNIE'S, INC., GARY C. KRYSTA, ANN KRYSTA and DAVID RIVERA, Defendants, Appellants. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] Before Selya, Circuit Judge,  Aldrich and Coffin, Senior Circuit Judges.   Jeffrey S. Michaelson with whom Michaelson, Michaelson &Zurier, Thomas R. Bender and Hanson, Curran, Parks & Whitman wereon brief for appellant. Gerald C. DeMaria with whom Stephen B. Lang, Patrick B.Landers and Higgins, Cavanagh & Cooney were on brief for appellee.December 1, 1998  Per Curiam. In this case Annie's, Inc., a small dry cleaning business, obtained a so-called Business Protector Policy from Peerless Insurance Company (Peerless). In June of 1994, while the policy was in effect, Derek Gagnon, an Annie's employee, was driving a step-van on Annie's business when he collided with another vehicle. David Rivera, a pedestrian, was injured as a result of the collision and sued Annie's.  Gary Krysta, an owner and employee of Annie's, owned the van, but Annie's used, maintained, and stored the van and paid the expenses of keeping it on the road. Krysta had acted on behalf of Annie's when he instructed Gagnon to drive the van on Annie's pickup route.  Naming Annie's, Krysta, and Gagnon as defendants,Peerless sought a declaratory judgment that it owed no duty to defend or indemnify Annie's for claims arising out of the collision. The district court ruled in its favor, and we affirm. The court's rulings related to two parts of the policy: the general liability provisions as diminished by an exclusion clause, and an endorsement providing special additional coverage. As to the first, the district court, in an extensive memorandum, addressed defendants' contention that a provision excluding from coverage bodily injury and property damage arising out of the entrustment of an auto to others did not apply when the injury or damage was due to the negligent selection, training, or supervision of the driver. The exclusion clause makes no such exception. The district court's memorandum fully demonstrated the unsoundness of defendants' contention. The court's ruling on the second claim was equally correct, but might be supplemented. The endorsement provided coverage for damage caused by use, in the insured's business, of a "non-owned auto," which it defined as an auto not owned, leased, hired, or borrowed by the insured. Defendants' contention that Gagnon, rather than Annie's, was the borrower is totally unrealistic. Annie's maintained and stored the van and controlled its use. Gagnon had no control other than to do what Krysta, as Annie's agent, instructed him. Clearly Gagnon was not the borrower. Any claim of ambiguity, whether in the policy or in the circumstances, is untenable. Even more unpersuasive is defendants' claim that Peerless' construction makes the endorsement meaningless. Use of an employee's personal car might at least raise a duty to defend. How much coverage does an insured expect if it chooses an endorsement with a $41 annual premium? Affirmed.